**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JANE FICHTENKORT,

        Plaintiff,

-vs.-                                                   Case No. 8:05-cv-387-T-24EAJ

CATALYST INTERNATIONAL, INC.,

        Defendant.
_____/

**O R D E R**

This cause comes before the Court for consideration of Plaintiff's Motion to Remand (Doc. No. 9). Defendant filed an opposition thereto (Doc. No. 16). With leave of the Court, Plaintiff filed Plaintiff's Reply Brief in Support of Motion to Remand (Doc. No. 34).

**I.   Background**

The complaint in this action was filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, on February 2, 2005. In the complaint, Plaintiff seeks injunctive relief and a declaratory judgment relating to a non-solicitation agreement. Plaintiff does not make a request for monetary damages. On March 1, 2005, Defendant filed a timely Notice of Removal for this case, pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1332.

**II.   Standard of Review**

Under § 1441, a defendant may only remove an action from state court to federal court if the federal court would possess original jurisdiction over the subject matter. In this case, the source of original jurisdiction is in Title 28 U.S.C. §1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different states." Section 1441, the removal statute, is construed narrowly by the removal court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (Stone, C.J.); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, all uncertainties are resolved in favor of remand. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Burns, 31 F.3d at 1095.

### III.  Discussion

In the complaint, Plaintiff alleges that in connection with her employment with Defendant she executed a non-solicitation agreement (the "Agreement") on June 8, 1998.[1] The Agreement provides that, for a twelve-month period following termination of her employment with Defendant, Plaintiff would not:

> directly or indirectly, for yourself or on behalf of any other person or organization, including an employer, solicit business from or accept business from any client of AMG, or person or organization which was a client of AMG during the six months preceding termination of your employment.

Plaintiff resigned her position with Defendant, effective December 17, 2004. On or about January 3, 2005, Plaintiff began employment with Lighthouse Marketing, LLC ("Lighthouse") as an Account Director. Lighthouse provides marketing services to a former client of Defendant. Plaintiff alleges that since her resignation, Defendant has asserted that she is violating the Agreement and threatened to sue her and Lighthouse. The complaint seeks an injunction enjoining Defendant from interfering with Plaintiff's employment with Lighthouse and a declaratory judgment that the Agreement is void and unenforceable.

---

[1] Plaintiff alleges she was hired by Alliance Group, Inc. ("AMG") and that on or about August 21, 2001, Alliance Group, Inc. changed its name to Catalyst International, Inc. (Doc. No. 2).

Plaintiff moves this Court to remand the case to state court for lack of subject matter jurisdiction.  Specifically, Plaintiff asserts that because her complaint for injunctive and declaratory relief does not seek more than $75,000.00 in damages, this Court does not have diversity jurisdiction over this case pursuant to 28 U.S.C. §1332.  Furthermore, Plaintiff asserts that Defendant offers insufficient facts to support its assertion that the jurisdictional amount has been met.  Lastly, Plaintiff argues that "the object of the litigation is Plaintiff's peace of mind and is not sufficiently measurable to satisfy the $75,000 jurisdictional requirement" (Doc. No. 10).  Defendant responds that the real object of the litigation is to "circumvent the Non-Solicitation Agreement described in her complaint in order to work at Lighthouse Marketing, LLC for salary and employment benefits that greatly exceed the jurisdictional amount" (Doc. No. 16).

The uncertainties here involve the minimum amount in controversy necessary for this Court to exercise jurisdiction pursuant to § 1332 (and thus, § 1441).  In determining the amount in controversy, the Court looks first to the complaint.  See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998).  In the complaint, Plaintiff has not made a demand for any dollar amount.  Rather, the complaint only states that "[t]his is an action for injunctive and declaratory relief" (Doc. No.2 ).  In its notice of removal, Defendant alleges it "has a good faith belief that the value of the benefit to be derived by the Plaintiff in connection with the injunctive and declaratory relief being sought in the Complaint (i.e., the object of the litigation) exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, based upon the salary and other benefits being received by the Plaintiff by virtue of her employment with Lighthouse" (Doc. No. 1).  However, a conclusory allegation in the notice of

removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). While it is best to include all relevant evidence at the time of the removal, this Court may consider post-removal evidence in assessing removal jurisdiction. See Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000). In support of its position that the jurisdictional amount in controversy has been met, Defendant relies on the declaration of its Chief Executive Officer Robert Zappi ("Zappi")(Doc. No. 17). Specifically, Zappi states that at the time of her resignation from Defendant, Plaintiff was earning in excess of $95,000 (Zappi Decl. ¶6). Zappi then surmises that since Plaintiff was making in excess of $75,000 while working for Defendant, the monetary value to Plaintiff arising from the "non-enforcement of the terms of the Agreement" exceeds $75,000 by virtue "of the compensation and employment benefits she has received and will continue to receive from Lighthouse Marketing, LLC" (Zappi Decl. ¶8).

It is well established that in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation to the plaintiff. See Ericsson GE Mobile Communication, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 219 (11th Cir. 1997); see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d

805, 807 (11th Cir. 2003). If the value of the injunctive relief is not sufficiently measurable and certain to satisfy the $75,000 amount in controversy requirement, the case should be remanded to state court for lack of subject matter jurisdiction. See Ericsson, 120 F. 3d at 221-22. Defendant concedes that it does not know the precise amount of compensation that Plaintiff will earn from Lighthouse without discovery (Doc. No. 16). This Court declines to extrapolate Plaintiff's future compensation and benefits with Lighthouse based upon her past salary with Defendant. Here it is highly uncertain how successful Plaintiff might be in her future employment with Lighthouse, especially since Lighthouse is currently involved in litigation with Defendant over Lighthouse's relationship with Lighthouse's one major client (Case No: 8:05-cv-386-T-23TBM). See Cowan v. Outpatient Partners, Inc., 2004 WL 1084160, *8 (M.D. Fla. 2004).

Therefore, the Court finds that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. Because this uncertainty is aligned against removal, this Court concludes that it lacks subject matter jurisdiction over this action under 28 U.S.C. §§1332, 1441. Therefore, Plaintiff's motion to remand (Doc. No. 9) is **GRANTED** to the extent that Plaintiff requests that this case be remanded to state court.

Having determined that this case should be remanded, the Court addresses Plaintiff's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" (emphasis added). An award of attorney's fees under this section is completely discretionary. See Martin v. Mentor Corp., 142 F. Supp.2d 1346, 1349 (M.D. Fla. 2001);see also IMCO USA, Inc. v. Title Insurance Co. of Minn., 729 F. Supp. 1322 (M.D. Fla.

5

1990).  While the Court finds that it lacks jurisdiction over this action and grants Plaintiff's motion to remand, the Court does not find that Defendant acted unreasonably or in bad faith in removing this case.  Thus, Plaintiff's motion to remand (Doc. No. 9) is **DENIED** to the extent that Plaintiff requests attorney's fees and costs.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED** to the extent that this case is remanded to state court; but **DENIED** as to Plaintiff's request for attorney's fees and costs incurred in filing the motion.

2. The Clerk is directed to remand this action to state court, **CLOSE** the case and **TERMINATE** any pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of May, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record